Edward Lewis TOBINICK, M.D. a Medical Corporation d/b/a Institute of Laser Medicine; Edward Lewis Tobinick, M.D., an individual, Plaintiffs–Appellants,

v.

SCRIPPS CLINIC MEDICAL GROUP, INC.; Healthcentral.com, Defendants,

and

Joel Rosenberg, d/b/a/ Max Traffic, an individual, Defendant–Appellee.

No. 02–56026.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2003.

Decided Nov. 19, 2003.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Ezra Sutton, Esq., Woodbridge, NJ, Fred J. Grossblatt, Esq., Santa Monica, CA, for Plaintiffs-Appellants.

William M. Low, Esq., Higgs, Fletcher and Mack LLP, San Diego, CA, Donald A. Daucher, Esq., Paul, Hastings, Janofsky & Walker LLP., Los Angeles, CA, for Defendants.

Howard S. Fredman, Esq., Los Angeles, CA, for Defendant-Appellee.

Before: B. FLETCHER, SILVERMAN, Circuit Judges, and MARTONE, District Judge.*

---

* The Honorable Frederick J. Martone, United States District Judge for the District of Arizona, sitting by designation.

## MEMORANDUM **

Plaintiffs/Appellants, Edward Lewis Tobinick, M.D., a medical corporation, and Edward Lewis Tobinick, M.D., the individual (collectively "Tobinick"), appeal from the district court's denial of three post-trial motions. Despite a jury verdict in favor of Defendant/Appellee Joel Rosenberg on Tobinick's trademark infringement claims, Tobinick moved for statutory damages under 15 U.S.C. § 1117(c), which governs counterfeited trademarks, and for a finding of willful infringement to support an award of attorneys' fees for plaintiffs. Tobinick also moved for a new trial, challenging the district court's instruction on likelihood of confusion and an evidentiary ruling. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

■ Tobinick failed to object to the district court's jury instruction on likelihood of confusion at the time of trial as required by Fed.R.Civ.P. 51. *See Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713 (9th Cir.2001). Because in the Ninth Circuit there is no "plain error" exception to the requirements of Rule 51 in civil cases, Tobinick's objection is waived. *See Hammer v. Gross*, 932 F.2d 842, 847 (9th Cir. 1991). The waived objection is not saved by the pointless formality exception because it is not "clear from the record that the court knew the party's grounds for disagreement with the instruction." *Voohries–Larson*, 241 F.3d at 714–15. In any event, the instructions were a correct statement of the law.

■ The district court did not abuse its discretion by excluding 298 of Rosenberg's web pages that did not include references to Tobinick's name, trade name or trademark. The district court correctly balanced the probative value of the excluded evidence against the factors described in Fed.R.Evid. 403, and determined that admitting the additional web pages could have confused the issues, misled the jury, or resulted in undue delay or an unnecessary presentation of cumulative evidence.

■ The district court did not abuse its discretion in rejecting a jury instruction on willfulness because willfulness was only relevant to the issue of remedies under 15 U.S.C. § 1117(a), a matter to be decided by the court, not the jury. Similarly, because counterfeiting was only relevant to the issue of statutory damages under 15 U.S.C. § 1117(c), a matter within the sole province of the court, the district court did not err by rejecting a jury instruction on counterfeiting. Furthermore, in light of the jury's special verdicts of trademark invalidity, no likelihood of confusion, and non-infringement of the unregistered trade names, any error in failing to instruct the jury on willfulness or counterfeiting would have been harmless.

■ Finally, the district court properly presented the issue of trademark validity to the jury because the validity of the trademark is an element of a plaintiff's infringement claim. *See Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir.1999).

The judgment of the district court is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We review the district court's ruling on a motion for a new trial for abuse of discretion. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1189 (9th Cir.2002).